Dear Mayor Perritt:
Your request for an Attorney General's opinion has been forwarded to me for research and response. Specifically, you ask about the validity of two proposed ordinances for the City of Ruston.
The first ordinance you question is reproduced below:
SECTION 3.
 Recess and Adjourn: For purposes of definition, the Board of Aldermen considers itself in continuing session from its initial session of its members' elected term of office until members of the succeeding Board of Aldermen are sworn into office. The terms "Recess and Adjourn" shall be considered interchangeable and will, in effect, cause the Board of Aldermen to be in recess at the conclusion of each of its sessions regular or special, as provided for in LRS 33:405.
As you noted in your opinion request, this ordinance appears to be in conflict with La. R.S. 42:4.1 through 42:13, known as the Louisiana Open Meetings Law, and also La. R.S. 33:405.
La. R.S. 42:7 requires written public notice of any regular, special or rescheduled meeting no later than twenty-four hours before the meeting. This notice is to include the agenda, date, time and place of the meeting. If the Ruston Board of Aldermen considered itself in "continuing session", then only one public notice, including one agenda, would have to be given during the entire term of office of the Board of Aldermen. This clearly contradicts La. R.S. 42:4.1 which states the public policy for open meetings as follows:
 Section 4.1 Public policy for open meetings; liberal construction
 It is essential to a democratic society that public business be performed in an open and public manner and that the citizens be advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy. Toward this end, the provisions of R.S. 42:4.1 through 42:10 shall be construed liberally.
If the proposed ordinance were to go into effect, the Board of Aldermen could conduct portions of its "continuing session" at any time and without public notice since it would only be required to give one public notice accompanied by one agenda because there would only be one meeting comprised of a number of segments. This lack of notice impedes the policy considerations expressed in Section 4.1, that public business be performed in an open and public manner and subject to citizen scrutiny.
Additionally, the proposed ordinance conflicts with La. R.S.33:405 which provides for monthly meetings, special meetings, emergency meetings, constituting a quorum, and continuing meetings to get a quorum. Theoretically, none of the situations previously listed could occur since the Board would always be in "continuing session."
You also expressed concern about the validity of a second ordinance which was recently passed by the Ruston Board of Aldermen. This ordinance is reproduced as follows:
SECTION 1.
 Retention of Attorney for the Board of Aldermen: The Board of Aldermen of the City of Ruston, Louisiana, is authorized to employ an attorney to represent the Board of Aldermen, provide legal services to the Board of Aldermen, including, but not limited to, the drafting of Ordinances, Resolutions and responses and providing legal opinions at the request of any Alderman. The attorney shall be known as the "Legislative Counsel". The Legislative Counsel shall serve as parliamentarian at the meetings of the Board of Aldermen whenever requested by the Mayor and/or an Alderman.
 SECTION 2.
 Selection and Term of Employment: The Board of Aldermen shall, by a majority vote of the Board of Aldermen, select an attorney. The appointee's initial term of employment shall be from the date of employment through December 31 of the same year. The term of employment may be extended in one year increments by mutual consent of a majority of the Board of Aldermen and the appointee, however, in no case shall the extension be beyond the term of office of the appointing Board. The appointee shall be eligible for appointment by succeeding Boards of Aldermen. The appointee/attorney may be terminated by a majority of the members of the Board of Aldermen, with or without cause.
 SECTION 3.
 Compensation: The Legislative Counsel shall be paid from the General Fund at the hourly rate schedule established by the Attorney General of the State of Louisiana for legal services rendered by private lawyers based upon experience and length of time of admission to the bar, as the schedule may be amended from time to time. The Mayor Pro Tempore shall approve all Legislative Counsel invoices.
 SECTION 4.
 Conflicts: In the event of conflict between this Ordinance and any ordinance previously enacted by the Board of Aldermen, this ordinance shall prevail. Should there be a conflict between this ordinance and any subsequently adopted ordinance, the last ordinance to be adopted and signed by the Mayor shall prevail.
A review of the following statutes is needed to answer your question:
La. R.S. 33:404(A)(3) (in pertinent part) and 404(A)(4)
 SECTION 404. Duties of mayor
 A. The mayor shall have the following powers, duties, and responsibilities:
 (3) Subject to applicable state law, ordinances, and civil service rules and regulations, to appoint and remove municipal employees, other than the employees of a police department with an elected chief of police. However, appointment or removal of a nonelected chief of police, the municipal clerk, the municipal attorney, or any department head shall be subject to approval by the board of aldermen, except that in the case of a tie vote, the recommendation of the mayor shall prevail. . . .
(4) To sign all contracts on behalf of the municipality.
La. R.S. 33:386(C)
 SECTION 386. Appointment of municipal officials; bond required
 C. The mayor, subject to confirmation by the board of aldermen, may appoint and fix compensation for an attorney at law for the municipality, whose duties in such capacity may include representation of all municipal officers as defined by R.S. 33:381(A) in actions against them in connection with and arising out of their functions as such officers and other duties as prescribed by the mayor. The municipality may also employ counsel to represent its interest should the occasion require.
With regard to La. R.S. 33:404(A)(3), a provision is made for the appointment of a municipal attorney by the Mayor, subject to approval by the Board of Aldermen. In contrast, there is no provision for appointment of an attorney to represent only the Board of Aldermen or for a "Legislative Counsel".
According to La. R.S. 33:404(A)(4), one of the duties of the Mayor is to sign all contracts on behalf of the municipality. Whether the Mayor and Board of Aldermen must concur regarding a contract for services was addressed in a prior Louisiana Attorney General Opinion, Number 93-283. That opinion opined that in a Lawrason Act Municipality when a contract involves the expenditure of funds belonging to the municipality, the Mayor and the Board of Aldermen have to concur in the contract and then the Mayor sign it on behalf of the municipality.
The situation in Ruston presents a similar scenario. Ruston is a Lawrason Act Municipality. Employing an attorney to represent the Board of Aldermen requires the expenditure of municipality funds. Therefore, the Mayor and the Board must concur in the contract and the Mayor would have to sign the contract on behalf of the City of Ruston. Since there was no concurrence and you have not signed the contract, the ordinance violates La. R.S.33:404(A)(4).
The appointment of an attorney for the Board of Aldermen also contradicts La. R.S. 33:386(C). This statute allows for the appointment of an attorney for a municipality and fixing of compensation for that attorney by the Mayor, subject to confirmation by the Board of Aldermen. The statute goes on to state that the attorney may represent all of the municipal officers, which includes the Board of Aldermen. The last sentence of the statute provides for the municipality to employ counsel to represent its interests. In your case the municipality is the City of Ruston and not the Ruston Board of Aldermen. Therefore, this statute makes no provision for employing an attorney for and by the Board of Aldermen.
In summary, it appears that the concerns you expressed about both ordinances are well-founded. The first contradicts Louisiana's Open Meetings Law (La. R.S. 42:4.1 through 42:13) and La. R.S.33:405, while the second ordinance violates La. R.S.33:404(A)(3), 404(A)(4) and La. R.S. 33:386(C).
This should answer your questions. However, if additional information is needed do not hesitate to contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ______________________ FRANCES E. JONES Assistant Attorney General